UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| BRUCE CARTER | CIVIL ACTION NO. 3:04-cv-1324 |
| -vs- | JUDGE DRELL |
| LOUISVILLE LADDER GROUP, LLC ET AL. | MAGISTRATE JUDGE KIRK |

### R U L I N G

Before the Court is a Motion to Remand filed by Plaintiff Bruce Carter arguing that the amount in controversy in this case does not satisfy the statutory requirement for the Court to exercise its diversity jurisdiction. (Doc. 61). Defendants, Louisville Ladder Inc., Louisville Ladder Group LLC, and/or Davidson Ladders Nevada, Inc., and St. Paul Fire and Marine Insurance Company (collectively "Defendants"), oppose the motion. (Doc. 65). For the reasons that follow, Plaintiff's Motion to Remand is DENIED.

Plaintiff filed this action in the Third Judicial District Court, Parish of Lincoln, State of Louisiana on May 28, 2004. Defendants filed a Notice of Removal on June 22, 2004. Plaintiff filed this Motion to Remand on October 6, 2005, stating that the Court should remand the case because Plaintiff now seeks less than $75,000 in damages, exclusive of interest and costs. (Doc. 61). Therefore, Plaintiff asserts, since the amount in controversy does not exceed the statutory minimum, the Court no longer has diversity jurisdiction over the case.

Whether a court can properly exercise diversity jurisdiction over a case is determined at the time that the case is removed to federal court. Marcel v. Pool, 5 F.3d 81, 84 (5th Cir. 1993)(quoting St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586(1938)). Once a case is properly removed, a court does not lose jurisdiction simply because the amount in controversy no longer exceeds the statutory minimum. Rather, the Court evaluates the jurisdictional amount at the time of removal and "subsequent reduction of the amount claimed cannot oust the district court's jurisdiction." Id.

Since it was facially apparent from the plaintiff's petition that the amount in controversy could exceed the statutory minimum, the case was properly removed pursuant to 28 U.S.C. §1332. Therefore, the Court properly exercised jurisdiction at the time that the matter was removed. Plaintiff's subsequent assertion that his damages claim falls well below the Court's jurisdictional limitation does not divest this Court of its jurisdiction.

Therefore, Plaintiff's Motion to Remand is DENIED.

SIGNED on this 21st day of October, 2005, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge